

*106 34 00 9 37*

OJ-25-7000

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

SEP 2 5 2025

RICK WARREN
COURT CLERK

**IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY**
**STATE OF OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) JOHN DOE,** | § | 111 _____ |
| | § | |
| **Plaintiff,** | § | CJ No. **2025 - 7 0 0 0** |
| | § | |
| v. | § | |
| | § | Attorney Lien Claimed |
| **(1) OKLAHOMA COUNTY CRIMINAL** | § | |
| **JUSTICE AUTHORITY; and** | § | Jury Trial Demanded |
| | § | |
| **(2) BOARD OF COUNTY COMMISSIONERS** | § | |
| **FOR OKLAHOMA COUNTY,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff John Doe, through his attorney of record, Cameron Spradling, *Attorney &*

*Counselor at Law*, of Cameron Spradling, PLLC, and based on information and belief, alleges and

states as follows:

### I.  THE PARTIES

#### A.  PLAINTIFF JOHN DOE

1.      At all relevant times, Plaintiff was a citizen of the State of Oklahoma and a resident

of Oklahoma County.

2.      Plaintiff John Doe has filed pseudonymously using the fictitious party designation

of John Doe, pursuant to 12 Okla. Stat. § 3226 (C)(7), because the facts and allegations are of such

a sensitive nature and his identity should be protected to prevent revictimization.  These matters

are of a highly sensitive and personal nature.  Public disclosure of John Doe's identity poses a risk

to him in his personal life in addition to subjecting him to further humiliaton, shame, and emotional

distress.

1

## B. DEFENDANT OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY

3. Defendant Oklahoma County Criminal Justice Authority ("OCCJA" or "Jail Trust") is a public trust created for the furtherance of purported public functions pursuant to 60 Okla. Stat. § 176, *et seq.* OCCJA was created by a certain "Trust Indenture." Under the Trust Indenture, OCCJA is to "assist" Oklahoma County in its stated objective of operating the Oklahoma "Jail Facilities", which includes the Oklahoma Detention Center ("Oklahoma County Jail" or "Jail"). Under the Trust Indenture, OCCJA was delegated the responsibility of develeoping policies and procedures to address the administration of the Jail. However, since June 1, 2020, OCCJA has remained the County entity with primary responsibility for the management and operation of the Jail. The Oklahoma County Sheriff and a member of the Oklahoma County Board of County Commissioners are permanent members / trustees of the OCCJA. OCCJA is sued under Plaintiff's municipal liability theory.

## C. DEFENDANT BOARD OF COUNTY COMMISSIONERS FOR OKLAHOMA COUNTY

4. Defendant Board of County Commissioners for Oklahoma County ("Board", "BOCC" or "Oklahoma County") is the legislative entity with non-delegable statutory responsibility for providing a jail facility for Oklahoma County, Oklahoma that is adequate for the safe-keeping of inmates and detainees. *See* 57 O.S. § 41. As a matter of Oklahoma law, BOCC exercises the powers of the county. *See* 19 Okla. Stat. § 3. A suit brought against BOCC is the way Oklahoma law contemplates suing the county. *See* 19 Okla. Stat. § 4. BOCC is charged with ensuring that the Jail has adequate funding and resources to provide constitutionally sufficient conditions of confinement.

2

## II.    JURISDICTION & VENUE

5.    This District Court has subject matter jurisdiction over this case because it has unlimited original jurisdiction under Article VII, § 1 (A) and (C) of the Oklahoma Constitution, which gives district courts jurisdiction over all civil actions to uphold and adhere to the Oklahoma Constitution, established common law, and the Oklahoma Statutes and rules promulgated thereto.

6.    Defendant Oklahoma County Criminal Justice Authority at all times mentioned herein, is an entity having its principal place of business in Oklahoma County, State of Oklahoma.

7.    Defendant Board of County Commissioners for Oklahoma County at all times mentioned herein, is an entity having its principal place of business in Oklahoma County, State of Oklahoma.

8.    Venue is proper in this district under 12 O.S. § 133 and 12 O.S. § 144, as the Defendants do business in this district and the events giving rise to the claims occurred in this district.

## III.    FACTUAL BACKGROUND

9.    John Doe was booked into the the Oklahoma County Jail as a pretrial detainee.

10.    On March 18, 2022, John Doe was brutally raped and sexually assaulted by his cell mate, Mario Spicer.

- **County Policies and Customs**

11.    To the extent that no single officer violated John Doe's constitutional rights, Oklahoma County/OCCJA are still liable under a theory of a systemic failure of Oklahoma County/OCCJA policies and procedures as described below. There were such gross deficiencies in staffing, facilities and procedures that John Doe was effectively denied constitutional conditions of confinement.

3

## CAUSES OF ACTION

## VIOLATION OF THE EIGHTH AND/OR FOURTEETH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES (42 U.S.C. § 1983)

### A. Conditions of Confinement/Failure to Protect

12.     At the time of the complained events, John Doe had a clearly established constitutional right under the adequate conditions of confinement.

13.     The right to be protected against violence committed by other inmates is part of the conditions of confinement requirement afforded by the Constitution.

14.     Any reasonable Jail employee knew or should have known those rights at the time of the complained of conduct as they were clearly established.

15.     Officers failed to protect John Doe from harm by placing him in a cell and leaving him in a cell unsupervised, with knowledge that John Doe was housed with a known violent offender.

16.     In addition, the failure to provide any supervision during the assault and after John Doe's repeated atttempts to get help constitutes deliberate indifference to John Doe's health and safety.

17.     With deliberate indifference, Officers failed to protect John Doe from harm, and disregarded the known, obvious and excessive risks of harm to John Doe.

18.     As a direct proximate result of these Officers' unlawful conduct, John Doe suffered actual and severe physical injuries, physical pain and suffering and emotional and mental distress.

### B. Municipal Liability

19.     The aforementioned acts or omissions of Officers are causally connected with customs, practices, and/or policies which Oklahoma County/OCCJA/BOCC promulgated, created,

4

implemented and/or possessed responsibility for.

20.    To the extent that no single officer violated John Doe's constitutional rights, Oklahoma County/OCCJA are still liable under a theory of a systemic failure of Oklahoma County/OCCJA policies and procedures as described below. There were such gross deficiencies in staffing, facilities and procedures that John Doe was effectively denied constitutional conditions of confinement.

21.    Oklahoma County/OCCJA/BOCC knew, must have known or should have known that, by maintaining such customs, practices, and/or policies, detainees like John Doe were at substantial risk of harm. Nevertheless, Oklahoma County/OCCJA/BOCC failed to take reasonable measure to alleviate the harm.

22.    Oklahoma County/OCCJA/BOCC, through its failure to take reasonable remediable measures has been deliberately indifferent to citizens', including John Doe's, health and safety.

23.    As a direct and proximate result of the aforementioned customs, policies, and/or practices, John Doe suffered injuries and damages as alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE,** based on the foregoing, Plaintiff prays this Court grant him the relief sought, including but not limited to actual and compensatory in excess of Seventy- Five Thousand Dollars ($75,000.00), with interest accruing from the date of filing suit, , the costs of bringing this action, a reasonable attorneys' fee, along with such other relief as is deemed just and equitable.

Respectfully submitted,

Cameron Spradling, OBA No. 8509
**CAMERON SPRADLING, PLLC**
*Attorney & Counselor at Law*
500 North Walker Ave., Suite 100
Oklahoma City, OK 73102
Telephone: (405) 605-0610
Facsimile: (405) 605-0615
*Cameron@CameronSpradling.com*

**ATTORNEY FOR PLAINTIFF**

6